UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
IRWIN PHILLIPS, Individually and on Behalf
of All Others Similarly Situated,

                Plaintiff,

          - against -

PATHEON N.V., PAUL S. LEVY, DANIEL
AGROSKIN, HUGH WELSH, PHILIP
EYKERMAN, GARY PISANO, PAMELA
DALEY, JEFFREY P. MCMULLEN,
WILLIAM B. HAYES, HANS PETER
HASLER, CHARLES COGUT, and
STEPHAN TANDA,

                Defendants.
----------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/21/2017

Case No. 1:17-cv-04604-VEC

## STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION WITH PREJUDICE

**WHEREAS**, on May 15, 2017, Patheon N.V. ("Patheon") and Thermo Fisher Scientific Inc. ("Thermo Fisher") announced that they had entered into an agreement and plan of merger (the "Merger Agreement"), whereby Patheon would be acquired by Thermo Fisher through its wholly-owned subsidiary, Thermo Fisher (CN) Luxembourg S.à r.l. ("Purchaser") (the "Proposed Transaction"). Pursuant to the terms of the Merger Agreement, Purchaser commenced a tender offer, scheduled to expire on August 10, 2017, to purchase all of the issue and outstanding shares of Patheon common stock for $35.00 per share (the "Tender Offer");

**WHEREAS**, on May 31, 2017, Patheon filed a Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the

United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction;

**WHEREAS**, on June 19, 2017, plaintiff Irwin Phillips filed a putative class action lawsuit on behalf of himself and other public stockholders of Patheon, alleging violations of Section 14(e), 14(d)(4) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and challenging the sufficiency of the disclosures made in the Recommendation Statement, captioned: *Phillips v. Patheon N.V. et al.*, C.A. No. 1:17-cv-04604-VEC;

**WHEREAS**, on June 20, 2017, plaintiff Matthew Sciabacucchi filed a putative class action lawsuit on behalf of himself and other public stockholders of Patheon, alleging violations of Section 14(e), 14(d)(4) and 20(a) of the Exchange Act and challenging the sufficiency of the disclosures made in the Recommendation Statement, captioned: *Sciabacucchi v. Patheon N.V. et al.*, C.A. No. 1:17-cv-04657-VEC;

**WHEREAS**, on June 22, 2017, plaintiff Stephen Bushansky filed a putative class action lawsuit on behalf of himself and other public stockholders of Patheon, alleging violations of Section 14(e), 14(d)(4) and 20(a) of the Exchange Act and challenging the sufficiency of the disclosures made in the Recommendation Statement, captioned: *Bushansky v. Patheon N.V. et al.*, C.A. No. 1:17-cv-04758-VEC;

**WHEREAS**, on June 30, 2017, plaintiff Di Ma filed a putative class action lawsuit on behalf of herself and other public stockholders of Patheon, alleging violations of Section 14(e), 14(d)(4) and 20(a) of the Exchange Act and challenging the sufficiency of the disclosures made in the Recommendation Statement, captioned: *Ma v. Patheon N.V. et al.*, C.A. No. 1:17-cv-04979-VEC;

**WHEREAS**, on July 7, 2017, Plaintiff Phillips moved the Court for a preliminary injunction to enjoin the Defendants from closing the Tender Offer or taking any steps to consummate the proposed merger unless and until the Defendants publicly disclose additional information allegedly omitted from the Recommendation Statement (the "Motion to Enjoin");

**WHEREAS**, as a result of discussions between and among the plaintiffs ("Plaintiffs") and the defendants ("Defendants") (collectively, the "Parties") in each of the above-referenced actions (the "Actions"), it is agreed that, in consideration for the withdrawal of the Motion to Enjoin and the dismissal with prejudice of Plaintiffs' individual claims and the dismissal without prejudice of the claims asserted on behalf of the purported class of Patheon stockholders in the Actions, Patheon filed an amendment to the Recommendation Statement containing supplemental disclosures with the SEC on July 20, 2017 (the "Supplemental Disclosures"). The Defendants do not believe the Supplemental Disclosures are material or required by law, and fully deny any violation of law or of any duty of any kind and expressly maintain that they diligently complied with any applicable law or duty. Without admitting any wrongdoing or conceding that the Actions have any merit, the Supplemental Disclosures were issued in order to alleviate the costs, risks and uncertainties inherent in litigation and to provide additional information to Patheon's shareholders;

**WHEREAS**, plaintiff Phillips agrees that as a result of the Supplemental Disclosures the disclosure issues related to the Recommendation Statement identified in his complaint and the Motion to Enjoin have become moot;

**WHEREAS**, Plaintiffs assert that the prosecution of the Actions caused Patheon to file the Supplemental Disclosures with the SEC, and that Plaintiffs' counsel has the right to seek and recover attorneys' fees in connection with a claimed common benefit provided to Patheon's stockholders as a result of the filing of the Supplemental Disclosures (the "Fee Claim");

**WHEREAS**, no compensation in any form has passed to Plaintiffs or their counsel and no promise, understanding, or agreement to give any compensation has been made;

**WHEREAS**, Plaintiffs' counsel will coordinate to negotiate with respect to a single collective Fee Claim, and if the Parties are not able to amicably resolve the Fee Claim, Plaintiffs' counsel may collectively file papers with the Court in the above-captioned action seeking to have it adjudicate the Fee Claim (the "Fee Petition");

**WHEREAS**, Defendants reserve all rights, arguments, and defenses, including the right to oppose any Fee Petition;

**WHEREAS**, the Parties respectfully request that this Court retain jurisdiction over the potential Fee Petition; and

**WHEREAS**, no class has been certified in any of the Actions;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties:

1. Plaintiff Phillips hereby withdraws his Motion to Enjoin;
2. Plaintiff Phillips shall not further attempt to enjoin, prevent or disrupt the close of the Tender Offer or the Proposed Transaction in any way;

4

3. The above-captioned action is dismissed pursuant to Federal Rule of Civil Procedure 41(a) with prejudice as to plaintiff Phillips and without prejudice as to the other members of the putative class;

4. The Parties shall meet and confer concerning Plaintiffs' counsel's Fee Claim. If the Parties are unable to reach agreement, they will ask the Court to set a stipulated briefing and hearing schedule for the potential Fee Petition;

5. The Court hereby retains jurisdiction of the above-captioned action for the sole purpose of adjudicating the potential Fee Petition;

6. This Stipulation is without prejudice as to any position, claim, or defense any party may assert with respect to the prospective Fee Claim, Fee Petition or any matter related thereto, including without limitation Defendants' right to challenge the basis for and the amount sought by the Fee Petition; and

7. Any Fee Petition will be jointly made by all counsel for the Plaintiffs in the Actions, and filed in the above-captioned action.

Dated: July 20, 2017

*[signature]*

Nadeem Faruqi
James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Fl.
New York, NY 10017
Tel.:   (212) 983-9330
Fax:   (212) 983-9331

*[signature]* (w/permission)

Juan E. Monteverde
MONTEVERDE
   & ASSOCIATES PC
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel.:   (212) 971-1341
Fax:   (212) 202-7880

*Attorneys for Plaintiff*

*[signature]*

Jay B. Kasner
Robert A. Fumerton
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel.:   (212) 735-3000
Fax:   (212) 735-2000

*Attorney for Defendants Patheon, N.V.,
Paul S. Levy, Daniel Agroskin, Hugh Welsh,
Philip Eykerman, Gary Pisano, Pamela
Daley, Jeffrey P. McMullen, William B.
Hayes, Hans Peter Hasler, Charles Cogut
and Stephan Tanda*

```
The Clerk of Court is respectfully directed to terminate Docket Entry No. 3.  This case will be
terminated on September 19, 2017, unless prior to that date the parties have notified the Court
pursuant to Paragraph 4 that they could not resolve the fee issue.  Any such notice must include
a joint proposed briefing schedule for the fee dispute.
```

SO ORDERED this 21st day of ____July____, 2017

*[signature: Valerie Caproni]*   *tm*

Honorable Valerie E. Caproni
United States District Judge